UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIAN WYRE | No. 20 CR 50003-1<br><br>District Judge Iain D. Johnston |

**AGREED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. This Order supplements the Protective Order Governing Discovery that is currently in effect (R. 33) ("Original Protective Order").

2. In addition to the restrictions governing discovery materials provided in the Original Protective Order and applicable to the materials, some of the materials may also be designated by the United States as "Attorneys' Eyes Only" (hereafter "Attorneys' Eyes Only Materials"). The materials designated as "Attorneys' Eyes Only" are subject to the restrictions applicable to the materials and to heightened restrictions in accordance with this Order.

3. The government may designate and disclose as Attorneys' Eyes Only Materials: 1) the contents of a cell phone the government possesses that does not belong to defendant Julian Wyre; and 2) materials that contain sensitive information of an individual(s) other than defendant Julian Wyre.

4. The government shall plainly mark the Attorneys' Eyes Only Materials as "**ATTORNEYS' EYES ONLY**" prior to disclosure. If the Attorneys' Eyes Only Materials are produced in electronic format, the government shall segregate Attorneys' Eyes Only Materials from other discovery materials to the extent possible.

5. Neither the materials designated as "Attorneys' Eyes Only," nor the information contained therein may be disclosed by defendant's counsel directly or indirectly to the defendants. Attorneys' Eyes Only Materials may be disclosed to persons or entities employed to assist in the defense of the defendants, but defendant's counsel must provide such persons and entities a copy of this Order in advance of the receipt of designated Attorneys' Eyes Only Materials and such persons and entities are subject to the restrictions of this Order and in the same manner as if they were defendant's counsel, excluding that they are not authorized to further disclose Attorneys' Eyes Only Materials. Disclosures by defendant's counsel of Attorneys' Eyes Only Materials beyond these are not authorized without prior notice to the government and authorization from the Court.

6. Copied or reproduced Attorneys' Eyes Only Materials must retain the "ATTORNEYS' EYES ONLY" watermark, header or footer, respectively. Such copies and reproductions shall be treated in the same manner as the original materials.

7. Notes or records of any kind made in relation to the contents of the Attorneys' Eyes Only Materials by defendant's counsel, or authorized persons, are to be treated in the same manner as the original materials.

8. At least three business days before publicly filing any Attorneys' Eyes Only Materials or quoting from or summarizing the contents of the Attorneys' Eyes Only Materials in a public filing, the defense will provide notice to the assigned Assistant United States Attorney(s) to allow the United States to seek redactions of such materials or request that such materials be filed under seal. This provision does not prevent the defense from filing Attorneys' Eyes Only Materials under seal or quoting from or summarizing the contents of the Attorneys' Eyes Only Materials in a submission made under seal.

9. Attorneys' Eyes Only Materials filed in pretrial proceedings must be submitted with all original Attorneys Eyes Only Materials watermarks, headers and footers.

10. A party may object to the designation of any of the materials as Attorneys' Eyes Only Materials.

    a. Upon an objection, the government and defendant's counsel shall first confer with each other regarding the objection and discuss the potential redesignation (removal of the "Attorneys Eyes Only" designation) of some or all of such materials.

    b. If, after conferring, the government and defendant's counsel reach an agreement as to the appropriate designation of certain materials, such agreement shall be memorialized in writing, and the government shall then reproduce such materials or a portion of such materials at issue without the "ATTORNEYS' EYES

ONLY" markings. The re-designation of any such Attorneys' Eyes Only Materials will also result in the re-designation of any copies or reproductions of such materials, as well as any such notes or records of any kind made in relation to the contents of such re-designated materials.

        c.     If, after conferring, the government and defendant's counsel cannot reach an agreement as to the appropriate designation of certain materials, any objection to the designation of such materials shall be filed within the deadline for filing of pretrial motions, or no later than 10 days after receipt of discovery tendered after the motions filing deadline. Attorneys' Eyes Only Materials subject to objection shall be filed under seal, consistent with the provisions of this Order.

    11.    The restrictions set forth in this Order do not apply to documents that are or become part of the public Court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except as set forth above.

    12.    Watermarks, headers, footers, and other indicia identifying material as "ATTORNEYS' EYES ONLY" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury, and the government will cooperate with the defendants in the removal process prior to trial. Upon conclusion of the proceedings before this Court, all exhibits subject to the heightened restrictions

of this Order applied to the Attorneys' Eyes Only Materials, shall be returned to the government and preserved as modified under this provision for the record on appeal.

       13.    Upon conclusion of all stages of this case, the Attorneys' Eyes Only Materials and all copies, notes, or records thereof shall be disposed of in accordance with paragraph 6 of the Original Protective Order. The Court may require a certification as to the disposition of such Attorneys' Eyes Only Materials. If the Attorneys' Eyes Only Materials are retained by defendant's counsel, the restrictions of this Order continue in effect for as long as the Attorneys' Eyes Only Materials are so maintained. The Attorneys' Eyes Only Materials maintained by defendant's counsel must be clearly marked as such in counsels' files, and the Attorneys' Eyes Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

[Continued on next page.]

14. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
IAIN D. JOHNSTON
District Judge
United States District Court
Northern District of Illinois

Date:   June 5, 2023

Agreed and Jointly submitted by:

| | |
|---|---|
| */s/ Mark A. Byrd* | June 5, 2023 |
| MARK A. BYRD | DATE |
| Attorney for Julian Wyre | |
| | |
| */s/ Michael C. Beckman* | June 5, 2023 |
| MICHAEL C. BEKMAN | DATE |
| Assistant United States Attorney | |

6